UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| KIRK H. LOGAN, IV, | ) |
| *Plaintiff*, | ) |
| v. | ) Case No. 4:24-cv-51 |
| | ) Judge Atchley |
| LINCOLN COUNTY, TENNESSEE, N. ANDY MYRICK, JEFRES GOLDTRAP, and CINDY WISEMAN, | ) Magistrate Judge Steger |
| *Defendants*. | ) |

## MEMORANDUM & ORDER

Plaintiff, a former inmate of the Lincoln County Jail, filed a pro se complaint for violation of § 1983 [Doc. 1] and an amended complaint [Doc. 3] regarding incidents during his Lincoln County confinement. He also filed a motion to amend his complaint [Doc. 8], a motion for appointment of counsel [Doc. 12], and a motion requesting the status of this case [Doc. 15]. The Court will address Plaintiff's motion for appointment of counsel [Doc. 12] and motion for status [Doc. 15] before addressing his complaints [Docs. 1, 3] and motion to amend [Doc. 8].

I. **APPOINTMENT OF COUNSEL**

Plaintiff requests appointment of counsel so that this action may proceed as a class action [Doc. 12 p. 1]. Appointment of counsel in a civil proceeding is a privilege justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F. 2d 601, 605–6 (6th Cir. 1993). A district court has discretion to determine whether to appoint counsel for an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). In exercising that discretion, the district court should consider the nature of the case, whether the issues are legally or factually complex, and the plaintiff's ability to present his claims. *Lavado*, 992 F.2d at 605–06.

As to the first two factors, Plaintiff's complaint and amended complaint allege claims arising out of incidents when he was placed in a holding cell at the Lincoln County courthouse but did not get to see a judge, confront witnesses, or obtain a determination regarding his ability to place bond. [Doc. 1 p. 1–2; Doc. 3 p. 4–5, 14]. These issues are not factually or legally complex. As to the third factor, it is apparent that Plaintiff is able to present his claims. Also, while Plaintiff is correct that self-represented inmates are "not able adequately to represent [a] proposed class," *Heard v. Caruso*, 351 F. App'x 1, 12 (6th Cir. 2009) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("Ability to protect the interests of the class depends in part on the quality of counsel, and we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others.")), Plaintiff has not set forth any facts suggesting that this action may be appropriate for class certification. Fed. R. Civ. P. 23(a). As such, the Court declines to appoint Plaintiff counsel on this ground.

Plaintiff has not established that this is an exceptional case where he is entitled to appointment of counsel, and his motion to appoint counsel [Doc. 12] is **DENIED**.

## II. MOTION FOR STATUS

Plaintiff's motion for status [Doc. 15] is **GRANTED** only to the extent that the Court enters this memorandum and order and the accompanying judgment order.

## III. COMPLAINTS AND MOTION TO AMEND

### A. Allegations

In his complaint and amended complaint, Plaintiff claims that on the day of his initial appearance for charges against him, he was placed in a holding cell and did not get to see the judge or obtain a determination as to whether he could make bond. [Doc. 1 p. 1–2; Doc. 3 p. 4–5, 14]. He also asserts that his preliminary hearing did not occur when he demanded it but instead was

2

Case 4:24-cv-00051-CEA-CHS   Document 17   Filed 10/08/24   Page 2 of 4   PageID #: 61

reset various times despite his objections to these delays and his inability to (1) have a judge determine whether he could post bond or (2) confront witnesses. [Doc. 1 p. 2–3; Doc. 3 p. 4–5, 14]. In these complaints, the only relief that Plaintiff seeks is dismissal of the charges against him and/or for him to be granted bond, as well as other injunctive relief related to (1) bond determinations for Lincoln County inmates, (2) continuances in Lincoln County criminal proceedings, and (3) allowing Lincoln County defendants to be present for criminal proceedings. [Doc. 1 p. 3; Doc. 3 p. 5, 12].

In his original complaint, Plaintiff also makes various allegations regarding the conditions of his confinement in the holding cell at the courthouse. He asserts that (1) inmates could not scratch their heads, were "shackled and leg chained," had to stand for hours, and assisted each other in flushing the toilet, and (2) the holding cell had a lack of air circulation and air conditioning. [Doc. 1 p. 4]. But Plaintiff does not set forth any facts suggesting that any Defendant was responsible for or knew of these conditions, nor does he seek any relief related to these conditions.

Additionally, in his amended complaint, Plaintiff states that he later may seek to amend his complaint to seek monetary damages. [Doc. 3 p. 12]. While Plaintiff later sought to amend his complaint to address the fact that a pro se litigant cannot file a class action [Doc. 8 p. 1], he never requested to add a demand for monetary damages.

### B. Analysis

First, to the extent Plaintiff's complaints seek his release from custody, that request is not cognizable under § 1983. *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (providing that the "sole federal remedy" for a prisoner seeking immediate or speedier release is a writ of habeas corpus).

3

Second, Plaintiff's requests for injunctive relief are moot, as the record establishes that Plaintiff is no longer confined in the Lincoln County Jail. [Doc. 12]; *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (holding that a request for declaratory and injunctive relief became moot once inmate was transferred to different facility); *Brandywine, Inc. v. City of Richmond, Ky.*, 359 F.3d 830, 836 (6th Cir. 2004) ("Claims become moot when the issues presented are no longer 'live' or parties lack a legally cognizable interest in the outcome."). So none of the relief Plaintiff requests is available to him.

As such, Plaintiff's motion to amend his complaint [Doc. 8] is **DENIED as moot**, and this action will be **DISMISSED without prejudice**.

## IV. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for appointment of counsel [Doc. 12] is **DENIED**;

2. Plaintiff's motion for status [Doc. 15] is **GRANTED** to the extent that the Court enters this memorandum and order and the accompanying judgment order;

3. Plaintiff's motion to amend his complaint to address the fact that a pro se litigant cannot file a class action [Doc. 8] is **DENIED as moot**; and

4. Even liberally construing the complaint in Plaintiff's favor, his requests for relief are not cognizable herein or are moot;

5. Accordingly, this action will be **DISMISSED without prejudice**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**